WO

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Woods, a single man, | No. CV-11-2488-PHX-JAT |
| Plaintiff, | |
| v. | **ORDER** |
| CITY OF SCOTTSDALE, a municipal corporation; OFFICER KEITH ENGLISH, official and individual capacity; JANE DOE ENGLISH, marital community, OFFICER J. SEMORA, official and individual capacity, JOHN DOE SEMORA, marital community; JESSIE LEE JAMES, official & individual capacity; JANE DOE JAMES, marital community; JOHN DOES 1-10; JANE DOES 1-10,  ARIZONA DEPARTMENT OF MOTOR VEHICLES; and ARIZONA DEPARTMENT OF TRANSPORTATION, | |
| Defendants. | |

Pending before the Court are Defendants' City of Scottsdale, Officer Keith English, Officer Janice Semora, Jane Doe English, and John Doe Semora (collectively "City Defendants") Motion to Dismiss (Doc. 15) and Defendants' Jessie Lee James and Jane Doe James (collectively "State Defendants")[1] Motion to Dismiss (Doc. 20).

---

[1] Defendants ARIZONA DEPT. OF MOTOR VEHICLES ("DMV") and ARIZONA DEPT. OF TRANSPORTATION ("DOT") were voluntarily dismissed from the claim by Plaintiff.  (Doc. 21).

Plaintiff, Richard Woods, is representing himself *pro se* and has filed a Response to City Defendants' Motion to Dismiss (Doc. 27) and a Response to State Defendants' Motion to Dismiss (Doc. 24). City Defendants have filed a Reply (Doc. 28) and State Defendants have filed a Reply (Doc. 25).

## I.     BACKGROUND

On December 17, 2010, Plaintiff was driving his car in Scottsdale, Arizona, when he was stopped by Defendant Officer Keith English ("Officer English") of the Scottsdale Police Department. (Doc. 15 at 1). Officer English stopped Plaintiff's car because Officer English ran a Motor Vehicle Department ("MVD") check of Plaintiff's license plate as he was driving behind Plaintiff and the MVD return indicated that the sole registered owner of the car had an indefinitely cancelled driver's license and identification card. (*Id*.)

After stopping Plaintiff on the side of the street, Officer English asked Plaintiff for his driver's license, registration, and insurance. (*Id*. at 2). Plaintiff handed Officer English the registration for the car, proof of insurance, and a "Mexican driver's license." (*Id*.) Officer English asked Plaintiff if he knew that the driver's license on file with the MVD under his name was expired. (Doc. 15-1 at 7). Plaintiff told Officer English his driver's license was not expired. (*Id*.) Officer English then asked Plaintiff if he was the "Richard Woods" that the car was registered to and Plaintiff admitted that he was. (*Id*.)

Officer English went back to his car and used the MVD computer system to check the image of the registered owner. (*Id*.) Officer English confirmed the registered owner was the man in the car that Officer English had pulled over. (*Id*.) At that point, Officer Jan Semora ("Officer Semora") of the Scottsdale Police Department arrived at the scene to function as a backup officer. (*Id*.) Officer English returned to Plaintiff's car and arrested Plaintiff for driving with a cancelled license under Arizona Revised Statute ("A.R.S.") § 28-3151(A) (no valid driver's license) and A.R.S. § 28-3473(A) (driving with a cancelled license). (*Id*.)

Following Plaintiff's arrest, Plaintiff's car was impounded pursuant to A.R.S. §

1  28-3511.  (*Id*.)  During an inventory of Plaintiff's car subsequent to impoundment Officers
2  English and Semora found marijuana and drug paraphernalia in the car.  (*Id*. at 7, 8).
3  Other property that was impounded with Plaintiff's car included a laptop computer.  (*Id*. at
4  2).

5        On July 27, 2011, in the Scottsdale Municipal Court, Plaintiff was found guilty of
6  driving on a cancelled license in violation of A.R.S. § 28-3473(A) and not guilty of
7  driving without a valid driver license under A.R.S. § 28-3151(A).  (Doc. 15-1 at 19).
8  Later that day, Plaintiff appealed the conviction to the Maricopa County Superior Court.
9  (*Id*.)  On January 3, 2012, the Maricopa County Superior Court affirmed Plaintiff's
10  conviction for driving with a cancelled driver's license.  (*Id*. at 21).  Plaintiff did not
11  appeal his conviction any further.  (Doc. 15 at 3).

12        While Plaintiff's appeal was pending before the Maricopa County Superior Court,
13  Plaintiff filed a Complaint with this Court on December 16, 2011.  (Doc. 1).  The City
14  Defendants filed their Motion to Dismiss on May 7, 2012.  (Doc. 15).  The State
15  Defendants filed their Motion to Dismiss on July 5, 2012.  (Doc. 20).

16  **II.   DISCUSSION**

17        In the Complaint, Plaintiff alleges five claims against the City and State
18  Defendants.  (Doc. 1).  Plaintiff appears to invoke 42 U.S.C. § 1983 ("§ 1983") as the
19  general basis for all of his claims.  (Doc. 1 at 2 ¶ 7).  Section 1983 is not a source of
20  substantive rights on its own.  *Graham v. Connor*, 490 U.S. 386, 393-394 (1989).  Section
21  1983 "merely provides 'a method for vindicating federal rights elsewhere conferred.'"  *Id*.
22  at 394 (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)).  "To make out a cause
23  of action under section 1983, plaintiffs must plead that (1) the defendants acting under
24  color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal
25  statutes."  *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986) (citing *Smith v.*
26  *Cremins*, 308 F.2d 187, 190 (9th Cir. 1962)).  "The first inquiry in any § 1983 suit" is "to
27  isolate the precise constitutional violation with which [the defendant] is charged."  *Baker*,
28  443 U.S. at 140.

1    In their Motions to Dismiss, the City and State Defendants have both moved to
2  dismiss Plaintiff's claims against them under Federal Rule of Civil Procedure 12(b)(6), for
3  failure to state claims upon which relief can be granted.  (Doc. 15 at 3); (Doc. 20 at 5).

4    The Court may dismiss a complaint for failure to state a claim under Federal Rule
5  of Civil Procedure 12(b)(6) for two reasons: 1) lack of a cognizable legal theory or 2)
6  insufficient facts alleged under a cognizable legal theory.  *Balistreri v. Pacifica Police*
7  *Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (citing *Robertson v. Dean Witter Reynolds, Inc*.,
8  749 F.2d 530, 533–34 (9th Cir. 1984)).

9    To survive a 12(b)(6) motion for failure to state a claim, a complaint must meet
10 the requirements of Federal Rule of Civil Procedure 8(a)(2).  Rule 8(a)(2) requires a
11 "short and plain statement of the claim showing that the pleader is entitled to relief," so
12 that the defendant has "fair notice of what the . . . claim is and the grounds upon which it
13 rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(quoting *Conley v.*
14 *Gibson*, 355 U.S. 41, 47 (1957)).

15   Although a complaint attacked for failure to state a claim does not need detailed
16 factual allegations, the pleader's obligation to provide the grounds for relief requires
17 "more than labels and conclusions, and a formulaic recitation of the elements of a cause of
18 action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted).  The factual
19 allegations of the complaint must be sufficient to raise a right to relief above a speculative
20 level.  *Id*.  Rule 8(a)(2) "requires a 'showing,' rather than a blanket assertion, of
21 entitlement to relief.  Without some factual allegation in the complaint, it is hard to see
22 how a claimant could satisfy the requirement of providing not only 'fair notice' of the
23 nature of the claim, but also 'grounds' on which the claim rests." *Id*. (citing 5 C. Wright
24 & A. Miller, Federal Practice and Procedure §1202, pp. 94-95 (3d ed. 2004)).

25   Rule 8's pleading standard demands more than "an unadorned, the defendant-
26 unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing
27 *Twombly*, 550 U.S. at 555).  A complaint that offers nothing more than naked assertions
28 will not suffice.  To survive a motion to dismiss, a complaint must contain sufficient

factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Iqbal*, 556 U.S. at 678.  Facial plausibility exists if the pleader pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Id*.  Plausibility does not equal "probability," but plausibility requires more than a sheer possibility that a defendant acted unlawfully.  *Id*.  "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"  *Id*. (citing *Twombly*, 550 U.S. at 557).

In deciding a motion to dismiss under Rule 12(b)(6), a court must construe the facts alleged in the complaint in the light most favorable to the drafter of the complaint and the court must accept all well-pleaded factual allegations as true.  *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).  Nonetheless, courts do not have to accept as true a legal conclusion couched as a factual allegation.  *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

### A.    Count 1

In Count One, Plaintiff makes a federal claim under § 1983 against Officers English and Semora.  (Doc. 1 at 3-4).  Plaintiff also makes a state law claim alleging Officers English and Semora violated A.R.S. § 28-3511 by invalidly impounding Plaintiff's car.  (*Id*.)

#### 1.    § 1983 Claim in Count 1

##### a.    Plaintiff's § 1983 Claim Fails to Plead a Cognizable Legal Theory

Plaintiff claims Officers English and Semora, acting under color of state law, "deprived [Plaintiff] of his Constitutionally protected right to due process of law."  (*Id*. at 4 ¶ 21).  Plaintiff has fulfilled his first requirement for a § 1983 claim by alleging Officers English and Semora were acting under color of state law.  (*Id*.)

The Court must now determine if Plaintiff has alleged a "cognizable legal theory" and enough "factual matter" to show Officers English and Semora "plausibly" deprived

Plaintiff of his Constitutional rights. *Balistreri*, 901 F.2d at 699; *Iqbal*, 556 U.S. at 678. "The first inquiry in any § 1983 suit" is "to isolate the precise constitutional violation with which [the defendant] is charged." *Baker*, 443 U.S. at 140. Plaintiff's claim invokes only his "right to due process of law." (Doc. 1 at 4 ¶ 21). This is a broad allegation and could invoke any number of constitutional violations, none of which Plaintiff has identified to enable the Court to isolate the precise constitutional violation Plaintiff alleges.

First, there are two places in the Constitution where people's rights are protected by due process of law—the Fifth and Fourteenth Amendments. If Plaintiff's claim is based on the Fifth Amendment it automatically fails. The due process protection of the Fifth Amendment is inapplicable in § 1983 claims because it protects people from the federal government and those acting under federal law from depriving a person of property without due process of law; while § 1983 claims vindicate people from those acting under color of state law. *Compare* U.S. CONST. amend. V ("No person shall . . . be deprived of life, liberty, or property, without due process of law"), *with* U.S. CONST. amend. XIV, § 1 ("nor shall any state deprive any person of life, liberty, or property, without due process of law").

This leaves the Court to examine the Due Process Clause of the Fourteenth Amendment to establish a basis for Plaintiff's claim. If Plaintiff's intent in Count One was to invoke the Fourteenth Amendment his claim also fails for being too vague. The Due Process Clause of the Fourteenth Amendment is frequently invoked in § 1983 claims because it protects people's rights from State intrusion in multiple ways. On its face, the Fourteenth Amendment provides that no "State" shall "deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1. The Fourteenth Amendment Due Process Clause, however, does more than protect people from being deprived of property by the State without due process of law. "[C]ertain fundamental rights, safeguarded by the first eight amendments against federal action, [are] also safeguarded against state action by the due process of law clause of the Fourteenth Amendment." *Gideon v. Wainwright*, 372 U.S. 335, 343 (1963) (quoting *Grosjean v.*

1    *American Press Co.*, 297 U.S. 233, 243-244 (1936)).   Among the fundamental rights
2    safeguarded by the first eight amendments and subsequently safeguarded against state
3    action by the Fourteenth Amendment is "the Fourth Amendment's prohibition of
4    unreasonable searches and seizures."  *Id*. at 342 (citing *Wolf v. Colorado*, 338 U.S. 25, 27-
5    28 (1949)).  As a result, Plaintiff's allegations in Count One claiming Officers English and
6    Semora "deprived [Plaintiff] of his Constitutionally protected right to due process of law"
7    posits multiple theories for relief that Plaintiff leaves Defendants and the Court to choose
8    for him.   The Court finds this does not meet the standard set in *Twombly* or *Iqbal*.
9    *Twombly*, 550 U.S. at 555 (The defendant must have "fair notice of what the . . . claim is
10   and the grounds upon which it rests."); *Iqbal*, 556 U.S. at 678 (Rule 8's pleading standard
11   demands more than "an unadorned, the defendant-unlawfully-harmed-me accusation.").

12        While the United States Supreme Court has instructed federal courts to liberally
13   construe the "inartful pleading" of *pro se* litigants, *Boag v. MacDougall*, 454 U.S. 364,
14   365 (1982), it is not enough to simply mention a clause in the Constitution.  "To state a
15   federal claim, *it is not enough to invoke a constitutional provision* or to come up with a
16   catalogue of federal statutes allegedly implicated.   Rather, as the Supreme Court has
17   repeatedly admonished, it is necessary to state a claim that is substantial."   *Noatak v.*
18   *Hoffman*, 896 F.2d 1157, 1166 (9th Cir. 1990) (emphasis added) (Kozinski, J. dissenting)
19   (majority opinion rev'd 501 U.S. 775 (1991)); *see also Twombly*, 550 U.S. at 555 n. 3; *see*
20   *also Buntrock v. SEC*, 347 F.3d 995, 997 (7th Cir. 2003) (noting that "a frivolous suit does
21   not engage the jurisdiction of the district court"); *Crowley Cutlery Co. v. U.S.*, 849 F.2d
22   273, 276-78 (7th Cir. 1988) (same).

23        The Court notes this standard does not require Plaintiff to be a scholar in
24   Constitutional law to have validly stated this claim.   Indeed, Plaintiff displayed his
25   understanding of the Constitution and how to state claims under § 1983 by citing the
26   specific amendments that apply to his claims in Counts Two, Three, Four, and Five.  (Doc.
27   1 at 4-6).  Further, Plaintiff expressly invoked the Due Process Clause of the Fourteenth
28   Amendment in both Counts Three and Five.  (*Id*.)  Why Plaintiff failed to articulate his

claim in Count One is unknown.  "Dismissal can be based on the lack of a cognizable legal theory."  *Balistreri*, 901 F.2d at 699.

> **b.**   **Plaintiff's § 1983 Claim Fails as a Fourth Amendment Claim**

Even if the Court were to liberally construe Count One and determine Plaintiff expressed a violation of his Fourth Amendment rights secured by the Due Process Clause of the Fourteenth Amendment, Plaintiff's claim would still fail.[2]  Plaintiff claims that Officers English and Semora violated his Constitutional rights by impounding his vehicle as a result of the traffic stop.  (Doc. 1 at 3-4).  To survive a motion to dismiss Plaintiff must allege enough facts to show the impound was unconstitutional.

Plaintiff's car was impounded subsequent to his arrest for driving with a cancelled driver's license in violation of A.R.S. § 3473(A).  (Doc. 15-1 at 7, 29).  Plaintiff was convicted of driving with a cancelled driver's license by the Scottsdale Municipal Court.  (*Id*. at 19).  Plaintiff's conviction was affirmed on appeal to the Maricopa County Superior Court.  (*Id*. at 21).  Plaintiff's claim that the impoundment was an unconstitutional violation of due process necessarily implies the invalidity of his arrest, conviction, and the affirmation of his conviction by the appellate court.  "[W]hen a [plaintiff] seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."  *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).  Plaintiff has made no showing in this case that the decisions of both the Scottsdale Municipal Court and the Maricopa County Superior Court were invalidated.  Therefore, the Court finds Plaintiff's § 1983 claim for the unconstitutional impoundment of his car is barred by *Heck v. Humphrey* until his conviction is overturned or otherwise invalidated.  Accordingly, the Court dismisses the § 1983 claim in Count One.

---

[2] The Court notes that Plaintiff cited § 1983 and the Fourth and Fourteenth Amendments as the basis for "this action" in general on page 2 of the Complaint.  (Doc. 1 at 2 ¶ 7).

## 2.     Arizona State Law Claim in Count 1

Plaintiff's Complaint makes a state law claim in addition to the § 1983 claim in Count One.  Plaintiff claims Officers English and Semora unlawfully seized Plaintiff's car in violation of A.R.S. § 28-3511.  (*Id*. at 3).  This claim, however, is barred by A.R.S. § 12-821.01, which requires a claimant to provide notice of claim to a public entity or public employee within one hundred eighty (180) days after the cause of action accrues.[3]  Claims that do not comply with this statute are barred and no action may be maintained.  A.R.S. § 12-821.01(A).  The action for Plaintiff's claim accrued on December 17, 2010.  Plaintiff did not file his Complaint until December 16, 2011.  Accordingly, Plaintiff's state law claim is barred by Arizona law and the Court dismisses Plaintiff's state law claim in Count One.

## B.     Count 2

In Count Two, Plaintiff appears to make a § 1983 claim against Defendants John Does 1-10 and Jane Does 1-10.  (Doc. 1 at 4-5).  Count Two of the Complaint states in its entirety,

> 23.   Plaintiff also had a laptop computer which appears to have had its contents downloaded and searched.  A computer expert examined the laptop after it was returned and determined that it was missing a screw on the harddrive [sic].

> 24.   Plaintiffs [sic] computer was searched by John Does 1-10 and Jane Does 1-10 without probable cause under color of State law, in violation of Plaintiff's constitutionally protected right under the Fourth Amendment, and right to privacy under the Fourth and Ninth Amendments.

[3] A.R.S. § 12-821.01.
A. Persons who have claims against a public entity or a public employee shall file claims with the person or persons authorized to accept service for the public entity or public employee as set forth in the Arizona rules of civil procedure within one hundred eighty days after the cause of action accrues. The claim shall contain facts sufficient to permit the public entity or public employee to understand the basis upon which liability is claimed. The claim shall also contain a specific amount for which the claim can be settled and the facts supporting that amount. Any claim which is not filed within one hundred eighty days after the cause of action accrues is barred and no action may be maintained thereon.
B. For purposes of this section, a cause of action accrues when the damaged party realizes he or she has been damaged and knows or reasonably should know the cause, source, act, event, instrumentality or condition which caused or contributed to the damage.

1  (*Id.* at 5 ¶¶ 23-24).

2      Assuming, arguendo, that Plaintiff has met the requirements of a § 1983 claim—

3  by pleading Defendants were acting under color of state law and violated rights protected

4  by the Constitution—the Court finds Plaintiff has failed to allege enough facts to raise

5  Count Two from the realm of possible to the realm of plausible as required by the United

6  States Supreme Court in *Iqbal*.  *Iqbal*, 556 U.S. at 678.  "Where a complaint pleads facts

7  that are 'merely consistent' with a defendant's liability, it 'stops short of the line between

8  possibility and plausibility of entitlement to relief."  *Id.* (quoting *Twombly*, 550 U.S. at

9  557).

10     The only factual allegations Plaintiff makes in Count Two are in paragraph 23.

11  All Plaintiff alleges is that a computer expert determined a screw was missing on the hard

12  drive and his hard drive "appears" to have been downloaded and searched.  (Doc. 1 at 4 ¶

13  23).  Based on this factual allegation, Plaintiff makes the conclusory statement that John

14  and Jane Does 1-10 unlawfully searched his computer.  (*Id.* at 5 ¶ 24).  Even assuming

15  Plaintiff's two factual allegations are true—a screw was missing on the hard drive when a

16  computer expert examined the computer and the computer appears to have been searched

17  because of this missing screw—these facts alone do not make it more than a sheer

18  possibility that Defendants acted unlawfully.  This is not enough to survive dismissal

19  under Rule 12(b)(6).  Accordingly, the Court grants the City Defendants' Motion to

20  Dismiss Count Two.

21     **C.     Count 3**

22     In Count Three, Plaintiff appears to make § 1983 claims against Defendant City of

23  Scottsdale and Defendant Jessie Lee James.  (*Id.* at 5).

24           **1.     Count 3 Claim Against Defendant City of Scottsdale**

25     Plaintiff alleges that the City of Scottsdale, as a municipal entity, is liable under

26  the doctrine of *respondeat superior* because it employs Officers English and Semora and

27  for its alleged failure to train, supervise, and discipline.  (Doc. 1 at 5 ¶ 25).  Plaintiff does

28  not mention § 1983 in Count Three, but construing the Complaint in the light most

favorable to Plaintiff, Plaintiff did invoke § 1983 and the Fourth and Fourteenth Amendments on page two of the Complaint as the basis for "this action" in general. (*Id.* at 2 ¶ 7).

Plaintiff's claim against the City of Scottsdale is based on the doctrine of *respondeat superior*. It appears Plaintiff is basing this claim on the alleged failure to adequately train, supervise, and discipline Officers English and Semora. The United States Supreme Court has explicitly held "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory" "solely because [the municipality] employs a tortfeasor." *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978). Therefore, simply because the City of Scottsdale employs Officers English and Semora it cannot be held liable under *respondeat superior*. Municipalities, however, can be sued under § 1983 "for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decision making channels." *Id.* at 690-691; *see also Oviatt By & Through Waugh v. Pearce*, 954 F.2d 1470, 1477 (9th Cir. 1992) ("[O]nly deprivations visited pursuant to municipal 'custom' or 'policy' . . . lead to municipal liability.") (quoting *City of Okla. City v. Tuttle*, 471 U.S. 808, 818 (1985)).

In order for the City of Scottsdale to be liable under § 1983 for its policies and customs, Plaintiff "must establish: (1) that he possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy 'amounts to deliberate indifference' to the plaintiff's constitutional right; and (4) that the policy is the 'moving force behind the constitutional violation.'" *Oviatt*, 954 F.2d at 1474 (quoting *City of Canton v. Harris*, 489 U.S. 378, 389-91 (1989)). The Court finds Plaintiff's allegations in Count Three are wholly inadequate to meet these requirements and therefore insufficient to meet the requirements of Federal Rule of Civil Procedure 8(a)(2). *See supra* Section II.

Plaintiff has not alleged a single fact against the City of Scottsdale. Plaintiff has merely made the conclusory statement that the City has "a policy of failing to adequately

train, supervise, and discipline, its employees." (Doc. 1 at 5 ¶ 25). In addition to failing to explain what constitutional right Plaintiff had that was deprived by the City's policy, Plaintiff has not alleged what the policy actually is, has not explained how such a policy amounts to deliberate indifference to Plaintiff's constitutional rights, nor has Plaintiff explained or alleged any facts to show how the policy was the moving force behind any constitutional violation. Plaintiff merely cites a case where Officer English was previously sued. Plaintiff does not say what Officer English was sued for, whether Officer English was found guilty, or how this relates to Officer Semora. Even if Plaintiff did make these connections, Plaintiff has alleged no facts whatsoever about the officer's training or supervision, nor does Plaintiff specify in what way any such training was deficient. The questions raised by Plaintiff's accusation are whether any such training Officers English and Semora received was deficient, and, if so, whether the Defendant supervisors were responsible for that deficiency. Plaintiff has alleged no facts that would demonstrate either. Consequently, Plaintiff's allegations against the City of Scottsdale do not meet the standard set by *Iqbal* and *Twombly*. *See supra* Section II. The Court grants City Defendants' Motion to Dismiss the City of Scottsdale from Count Three.

## 2.   Count 3 Claim Against Defendant Jessie Lee James

In Count Three, Plaintiff appears to allege that Defendant Detective Jessie Lee James ("James") deprived Plaintiff of his rights guaranteed by the Due Process Clause of the Fourteenth Amendment. (Doc. 1 at 5)[4]. Plaintiff, however, does not make it clear whether Count Three is against the Arizona DMV and Arizona DOT for failure to inadequately train, supervise, and discipline James, or whether Count Three is against

---

[4] The parts of Count Three that apply to James are ¶¶ 27-30. These allegations read:

27) Detective Jesse [sic] James had previously resolved the issue of a "cancelled license" on October 23, 2007. Yet, he neglected his duty to make such correction to the Arizona Department of Motor Vehicles records.
28) Detective Jesse [sic] James had previously stated that the evidence did not match up with DMV records.
29) Detective Jesse [sic] James, acting under color of State law, deprived Mr. Woods of his constitutionally protected right under the Fourteenth Amendment to due process of law [sic].
30) A public records request of 12/22/10 to DMV shows that for the past 5 years "no prior license information on record as of 12/22/10. [sic]

James himself.  If Count Three is intended to implicate the Arizona DMV and Arizona DOT then the claim fails because those parties have already been voluntarily dismissed by Plaintiff.  (Doc. 21).  If Count Three is intended to implicate James in his official and individual capacity, Plaintiff has not articulated who James is guilty of inadequately training, supervising, and disciplining.

Even if the Court were to try and construe Plaintiff's allegations to state a § 1983 claim against James on their own, the claim would still fail.  First, Plaintiff's claim against James is barred by the state statute of limitations.  "State law governs the statute of limitations period for § 1983 suits." *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009) (citing *Silva v. Crain*, 169 F.3d 608, 610 (9th Cir. 1999)).  "For actions brought pursuant to 42 U.S.C. § 1983, Federal courts apply the statute of limitations for personal injury actions of the state in which the claim arises." *Myers v. Ariz. Health Care Cost Containment Sys. (AHCCS)*, 984 F. Supp. 1255, 1256 (D. Ariz. 1996) *aff'd sub nom. Myers v. Ariz. Health Care Cost Containment Sys.*, 131 F.3d 147 (9th Cir. 1997) (citing *Krug v. Imbordino*, 896 F.2d 395, 396–97 (9th Cir.1990)).  For personal injury actions "[i]n Arizona, the applicable statute provides for a limitations period of two years from the date the cause of action accrues." *Id.* (citing A.R.S. § 12–542).  "Although state law determines the period of limitations, federal law determines when the cause of action arises." *Id.* (citing *Vaughan v. Grijalva*, 927 F.2d 476, 480 (9th Cir. 1991)).  "Under federal law, a cause of action generally accrues when a plaintiff 'knows or has reason to know of the injury which is the basis of the action.'" *Id.* (quoting *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir. 1991), cert. denied, 502 U.S. 1091 (1992)).

It appears from the Complaint that Plaintiff alleges James neglected to update DMV records in October 2007.  (Doc. 1 at 5 ¶ 27).  Plaintiff's claim was brought on December 16, 2011, over four years later.  Plaintiff has alleged no facts showing that he found out about James' alleged neglect any later, thus tolling the statute of limitations. Accordingly, the applicable two year statute of limitations bars Plaintiff's § 1983 claim against James.

Even if Plaintiff's claim against James was not barred by the statute of limitations, Plaintiff has failed to allege sufficient facts to state a claim upon which relief can be granted.  Plaintiff merely claims James previously resolved the issue of a "cancelled license" and James "neglected his duty to make" a correction to DMV records.  (Doc. 1 at 5 ¶ 27).  Plaintiff does not explain what this allegation means, much less how it establishes a violation of the Fourteenth Amendment.  It is unclear whether Plaintiff is stating Plaintiff did not have a cancelled license and James erroneously entered into DMV records that Plaintiff did.  The Court notes Plaintiff was convicted of having a cancelled license by the municipal court and that decision was upheld on appeal.  If Plaintiff is stating his license was unconstitutionally cancelled, Plaintiff is necessarily implying the invalidity of his conviction.  Under *Heck v. Humphrey*, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed."  512 U.S. at 487.  If this is not what Plaintiff is stating in his allegations against James, Plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678.  Plaintiff has failed to do this in Count Three against James.  Accordingly, for the myriad reasons discussed the Court dismisses Count Three against James for failure to state a claim upon which relief can be granted.

**D.     Count 4**

In Count Four, Plaintiff appears to make a § 1983 claim against unnamed defendants.  (Doc. 1 at 6 ¶ 31).  Plaintiff makes a claim for intentional infliction of emotional distress under his Fourth Amendment right to be secure in his person because, while in custody, he was deprived of his medications and as a result suffered physical withdrawal and emotional distress.  (*Id*.)

In analyzing Plaintiff's allegation in Count Four under the rubric of a § 1983 claim, the Court finds Count Four fails to state a claim under § 1983 upon which relief can be granted.  As an initial matter, Plaintiff alleges his Fourth Amendment right to be secure

1    in his person was violated because he was deprived of medications, then Plaintiff labels
2    this as a claim for intentional infliction of emotional distress.  Plaintiff's claims do not
3    implicate the Fourth Amendment.  While rights protected by the Fourth Amendment are
4    guaranteed to not be infringed by the States under the Due Process Clause of the
5    Fourteenth Amendment, "[t]he Fourth Amendment states: 'The right of the people to be
6    secure in their persons, houses, papers, and effects, against unreasonable searches and
7    seizures, shall not be violated . . . .'"  *City of Ontario, Cal. v. Quon*, 130 S. Ct. 2619, 2627
8    (2010).  Plaintiff's claim of denial of medical attention in Count Four does not involve an
9    unreasonable search and seizure.  Further, it is unclear how Plaintiff expected the Fourth
10   Amendment to protect against intentional infliction of emotional distress, which is a state
11   law tort.  In order to properly address Count Four as a § 1983 claim without dismissing it
12   outright, the Court will liberally construe Count Four to allege a wrongful denial of
13   medical attention while Plaintiff was in pretrial custody in violation of the Fourteenth
14   Amendment's Due Process Clause itself.

15          Plaintiff's claim is properly brought under the Fourteenth Amendment because he
16   had not been convicted of a crime at the time of the allegation in Count Four, he had only
17   been arrested, therefore, his rights derive from the due process clause rather than the
18   Eighth Amendment's protection against cruel and unusual punishment.  *Gibson v. Cnty. of*
19   *Washoe, Nev*., 290 F.3d 1175, 1187 (9th Cir. 2002) (citing *Bell v. Wolfish*, 441 U.S. 520,
20   535 n. 16 (1979); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998); *Carnell v. Grimm*,
21   74 F.3d 977, 979 (9th Cir. 1996)).  "With regard to medical needs, the due process clause
22   imposes, at a minimum, the same duty the Eighth Amendment imposes: 'persons in
23   custody ha[ve] the established right to not have officials remain deliberately indifferent to
24   their serious medical needs.'"   *Id*. (quoting *Carnell*, 74 F.3d at 979).   Deliberate
25   indifference can be "manifested by prison doctors in their response to the prisoner's needs
26   or by prison guards in intentionally denying or delaying access to medical care or
27   intentionally interfering with the treatment once prescribed."  *Estelle v. Gamble*, 429 U.S.
28   97, 104–105 (1976).  In order to establish a plausible claim for failure to provide medical

treatment, Plaintiff must plead sufficient facts to permit the Court to infer that (1) Plaintiff had a "serious medical need," and that (2) individual Defendants were "deliberately indifferent" to that need. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *cf. Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994).

Plaintiff can satisfy the "serious medical need" prong by demonstrating that "failure to treat [his] condition could result in further significant injury or the unnecessary and wonton infliction of pain." *Jett*, 439 F.3d at 1096 (internal citations and quotations omitted); *Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2002). Examples of such serious medical needs include "the presence of a medical condition that significantly affects an individual's daily activities, or the existence of chronic and substantial pain." *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000). The Court finds Plaintiff alleged sufficient facts to make a plausible showing that his medical need was serious. Plaintiff alleged he is a diabetic and he suffered physical withdrawal reactions and emotional distress from not taking his medication. (Doc. 1 at 6 ¶ 31). The Court recognizes that such symptoms affected Plaintiff's daily activities and caused Plaintiff sufficient pain to satisfy the requirement for a serious medical need.

Next, the Court turns to whether Plaintiff has established that Defendants were deliberately indifferent to Plaintiff's serious medical need. In *Farmer*, the United States Supreme Court explained in detail the "deliberate indifference" standard. *See Farmer*, 511 U.S. at 837. Specifically, individual Defendants are not liable under the Fourteenth Amendment for their part in allegedly denying necessary medical care unless they knew "of *and* disregard[ed] an excessive risk to [Plaintiff's] health and safety." *Id.* (emphasis added); *Gibson*, 290 F.3d at 1187–88. Deliberate indifference contains both an objective and subjective component: "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference." *Farmer*, 511 U.S. at 837. "If a person should have been aware of the risk, but was not," then the standard of deliberate indifference is not satisfied "no matter how severe the risk." *Gibson*, 290 F.3d at 1188 (citing *Jeffers v. Gomez*, 267 F.3d

1    895, 914 (9th Cir. 2001)).

2         "The indifference to medical needs must be substantial; a constitutional violation

3    is not established by negligence or 'an inadvertent failure to provide adequate medical

4    care.'"  *Anderson v. Cnty. of Kern*, 45 F.3d 1310, 1316 (9th Cir. 1995) (quoting *Estelle*,

5    429 U.S. at 105–06).  Generally, defendants are "deliberately indifferent to a prisoner's

6    serious medical needs when they deny, delay, or intentionally interfere with medical

7    treatment." *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002).  "Yet, an 'inadvertent

8    [or negligent] failure to provide adequate medical care' alone does not state a claim under

9    § 1983." *Jett*, 439 F.3d at 1096 (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th

10   Cir. 1991)).  "If the harm is an 'isolated exception' to the defendant's 'overall treatment of

11   the prisoner [it] ordinarily militates against a finding of deliberate indifference.'"  *Jett*,

12   439 F.3d at 1096 (quoting *McGuckin*, 974 F.2d at 1060).  Further, a mere delay in

13   receiving medical treatment, without more, does not constitute "deliberate indifference,"

14   unless the plaintiff can show that the delay caused serious harm to the plaintiff.  *Wood v.*

15   *Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990).  Therefore, to withstand a motion to

16   dismiss for failure to state a claim and show deliberate indifference, Plaintiff must (1)

17   allege enough facts to show that Defendants knew of his medical needs and then Plaintiff

18   must (2) allege enough facts to show that Defendants disregarded an excessive risk to

19   Plaintiff's health and safety.  *See Farmer*, 511 U.S. at 837; *Gibson*, 290 F.3d at 1187–88.

20        Turning to Plaintiff's claim, all Plaintiff alleges is that "while he was in jail, he

21   was deprived of his medications."  (Doc. 1 at 6 ¶ 31).  The Court finds this does not

22   satisfy the requirement articulated in *Farmer* and *Gibson*.  Plaintiff has not alleged any

23   facts showing that Defendants knew of his condition nor has Plaintiff alleged facts to

24   show how Defendants disregarded an excessive risk to Plaintiff's health and safety.

25   Plaintiff needed to show that Defendants actions were more than a mere delay in

26   treatment, or more than an isolated exception to Plaintiff's overall treatment, or more than

27   an inadvertent or negligent failure to give Plaintiff his medication.  Plaintiff did not even

28   attempt to allege facts giving any these explanations.  Therefore, the Court finds Count

Four does not meet the standard to survive a motion to dismiss for failure to state a claim.

### E.      Count 5

In Count Five, Plaintiff makes a § 1983 claim for false arrest and unlawful detention.  Specifically, Plaintiff alleges that he was falsely arrested and imprisoned by Officers English and Semora in violation of his constitutionally protected right to due process under the Fourteenth Amendment.  (Doc. 1 at 6 ¶¶ 32-33).

Officers English and Semora arrested Plaintiff for, among other charges, driving with a cancelled driver's license in violation of A.R.S. § 28-3473(A).  (Doc. 15-1 at 29). Following the arrest, Plaintiff was found guilty and convicted of violating A.R.S. § 28-3473(A) by the Scottsdale Municipal Court.  (*Id*. at 19).  Subsequently, Plaintiff appealed that conviction to the Maricopa County Superior Court and the Superior Court affirmed Plaintiff's conviction under A.R.S. § 28-3473(A).  (*Id*. at 21).  The Plaintiff's conviction is final because Plaintiff took no further appeals or special actions from the final judgment of the Superior Court.  (Doc. 15 at 3).  Thus, Plaintiff is alleging the arrest and decisions of two separate State courts were unconstitutional.

"[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487.  Plaintiff has made no showing in this case that the decisions of both the Scottsdale Municipal Court and the Maricopa County Superior Court were invalidated.  A finding for Plaintiff would necessarily imply the invalidity of his conviction.  Therefore, the Court finds Plaintiff's § 1983 false arrest and imprisonment claim is barred by *Heck v. Humphrey* until his conviction is overturned or otherwise invalidated.  Accordingly, the Court dismisses Count Five.

## III.    LEAVE TO AMEND

Plaintiff had the right to amend the Complaint as a matter of course within twenty-one days after Defendants filed their Motions to Dismiss under Federal Rule of Civil

Procedure 15(a). Plaintiff did not exercise this right. Instead, in his Response (Doc. 27) to City Defendants' Motion to Dismiss, filed over three months after City Defendants filed their Motion to Dismiss (Doc. 15), Plaintiff demanded the Court point out the defects in his Complaint and allow thirty days for him to amend the Complaint. (Doc. 27 at 4). In his Response (Doc. 24) to State Defendants' Motion to Dismiss, Plaintiff did not request leave to amend the parts of his Complaint regarding State Defendant Jessie Lee James, i.e. Count Three (Doc. 1 at 5).

Under Ninth Circuit Court of Appeals precedent prior to the 2010 amendments to the Federal Rules of Civil Procedure, this Court would *sua sponte* grant leave to amend when granting a motion to dismiss under Rule 12(b)(6), unless a pleading could not be cured by the allegation of other facts. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012) (en banc) (citing *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). However, this precedent has been called into question in light of the 2010 changes to the Federal Rule of Civil Procedure 15, which now allows parties twenty-one days from responsive pleadings and motions to dismiss to amend as of right. *See id*. Further, when a plaintiff requests leave to amend, the Court must consider the following factors: (1) undue delay, (2) bad faith, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended his complaint. *Western Shoshone Nat. Council v. Molini*, 951 F.2d 200, 204 (9th Cir. 1991).

In this case, granting leave to amend Counts One and Five against City Defendants would be futile. Plaintiff has asserted claims in Counts One and Five that are barred by the Supreme Court's decision in *Heck v. Humphrey*. *See* 512 U.S. at 487. Further, Plaintiff's state law claim in Count One is barred by A.R.S. § 12-821.01.

With regard to Counts Two, Three, and Four of the Complaint (Doc. 1 at 4-6), the Court will grant Plaintiff leave to amend these counts only because Plaintiff has moved to amend and the Court cannot conclude that any amendment of these counts would be futile.

**IV.   CONCLUSION**

Based on the foregoing,

1    **IT IS ORDERED** that City Defendants' Motion to Dismiss (Doc. 15) is granted.

2    **IT IS FURTHER ORDERED** that State Defendants' Motion to Dismiss (Doc.

3    20) is granted.

4    **IT IS FINALLY ORDERED** that Plaintiff is granted leave to amend only part of

5    the Complaint.  Specifically, Plaintiff is granted leave to amend Counts Two, Three, and

6    Four of the Complaint.  Counts One and Five of the Complaint are dismissed with

7    prejudice.  Plaintiff shall file an amended complaint within twenty-one (21) days of this

8    Order.  If Plaintiff fails to comply with this Order, the Clerk of the Court shall dismiss the

9    entirety of Plaintiff's Complaint with prejudice.

10    Dated this 19th day of February, 2013.

James A. Teilborg
United States District Judge