**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Woods, a single man,<br><br>Plaintiff,<br><br>v.<br><br>City of Scottsdale, et al.,<br><br>Defendants. | No. CV 11-02488-PHX-JAT<br><br>**ORDER** |

Pending before the Court are Defendants Arizona Department of Motor Vehicles ("DMV"), Arizona Department of Transportation ("DOT"), Jessie Lee James and Jane Doe James' (collectively "State Defendants") motion to dismiss Plaintiff's amended complaint (Doc. 34) and Defendants City of Scottsdale, Officer Keith English, Officer Janice Semora, as well Jane Doe English and John Doe Semora's ("Defendants" or "City Defendants") motion to dismiss to dismiss Plaintiff's amended complaint (Doc. 36). Defendants' motions are unopposed by Plaintiff. The Court grants Defendants' motions for the following reasons.

**I.    BACKGROUND**

On February 19, 2013, the Court entered an order dismissing Plaintiff's original complaint against the State and City Defendants. (Doc. 29). The Court granted Plaintiff leave to amend part of the complaint and ordered that Plaintiff shall file an amended complaint by March 12, 2013, or the Clerk of the Court shall dismiss Plaintiff's complaint with prejudice. (*Id*. at 20).

On March 14, 2013, two days after the deadline to file an amended complaint expired Plaintiff filed a motion for an extension of time to file an amended complaint arguing that the Court's order was mailed to the wrong address. (Doc. 30 at 2). Plaintiff then gave the Court what he claimed was his correct address. (*Id*. at 6). On March 27, 2013, Plaintiff filed an amended complaint. (Doc. 31). On April 8, the State Defendants filed their pending motion to dismiss (Doc. 34). On June 20, 2013, the Court granted Plaintiff's motion for an extension of time to file his amended complaint and deemed the amended complaint filed on March 27 to be timely. (Doc. 35). On July 5, 2013, the City Defendants filed their pending motion to dismiss (Doc. 36). Plaintiff has failed to respond to either motion to dismiss.

## II.   ANALYSIS

Local Rule of Civil Procedure 7.2(i) provides that if an "unrepresented party or counsel does not serve and file the required answering memoranda . . . such non-compliance may be deemed a consent to the . . . granting of the motion and the Court may dispose of the issue summarily." LRCiv. 7.2(i). Local Rule 7.2(c) requires responsive memoranda to be filed within fourteen (14) days after a motion is served.

"Failure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (citing *United States v. Warren*, 601 F.2d 471, 474 (9th Cir. 1979)). "Although we construe pleadings liberally in their favor, [even] *pro se* litigants are bound by the rules of procedure." *Id*. at 54 (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)). In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *see also Ghazali*, 46 F.3d at 53. "The first two of these factors favor the imposition of sanctions in most cases, while the fourth cuts against a default or dismissal sanction. Thus the key factors are prejudice

and availability of lesser sanctions." *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990). The Ninth Circuit Court of Appeals "review[s] the 'district court's dismissal pursuant to its local rules for abuse of discretion. Only in rare cases will [the Court of Appeals] question the exercise of discretion in connection with the application of local rules.'" *Sekhon v. BAC Home Loans Servicing LP*, 11-57131, 2013 WL 857617, at *1 (9th Cir. Mar. 8, 2013) (quoting *Ghazali*, 46 F.3d at 53).

In *Ghazali*, the Ninth Circuit Court of Appeals upheld summary dismissal of a 42 U.S.C. § 1983 action for the failure to follow a Nevada district court local rule because the *pro se* plaintiff failed to respond to the defendant's motion to dismiss. *Ghazali*, 46 F.3d at 53. The Nevada rule, like Local Rule 7.2(i), considered the failure to file a response to a motion to "constitute a consent to the granting of the motion." *Id*. (quoting D. Nev. R. 140-6). The Court of Appeals reasoned that the dismissal was proper because the *pro se* plaintiff was bound by the rules of procedure, and was given notice of the motion and ample time to respond. *Id*. at 54 (citing King, 814 F.2d at 567).

Like the plaintiff in *Ghazali*, Plaintiff in this case has not responded to either the State or City Defendants' motions to dismiss. Further, the Court has already granted Plaintiff considerable latitude to file an amended complaint and file an amended complaint after the Court's deadline where the Court made it clear that failure to file an amended complaint within the deadline would result in dismissal with prejudice. (Doc. 29 at 20). As noted in *Wanderer*, the first two factors—expeditious resolution and docket management—generally favor dismissal. *Wanderer*, 910 F.2d at 656. They weigh especially heavily here because of the Court's actions and Plaintiff's total failure to respond to Defendants' dispositive motions.

The third factor also favors Defendants. There is risk of prejudice to Defendants to deny the motion. Analyzing this factor poses virtually the same considerations as those in *Ghazali*, as that case also involved a litigant in exactly the same procedural position. Thus, under *Ghazali*, this factor also favors dismissal.

While the public policy favoring resolution on the merits weighs against dismissal,

1 *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir.2002), it is no more compelling here
2 than it was in *Ghazali*. Plaintiff has now repeatedly disregarded the Court's orders and
3 local rules. Accordingly, this factor weighs only slightly against dismissal.

4       The final factor requires the Court to consider the availability of less drastic
5 sanctions. Defendants have both moved for the Court to dismiss the Complaint with
6 prejudice. While Plaintiff is a *pro se* litigant, the Court has already granted Plaintiff
7 repeated less drastic measures and Plaintiff has failed to prosecute his claims against the
8 State and City Defendants. Plaintiff has also been given ample opportunity to respond to
9 Defendants' motions to dismiss or to move for an extension of time to file a response and
10 has not done so. Thus, in weighing this last factor, the Court finds that dismissal with
11 prejudice is the only acceptable sanction in this case.

12       In sum, the five-factor analysis supports dismissal of this case for failure to
13 respond to the motions to dismiss. The Court's decision to grant the motions in these
14 circumstances is further supported by the fact that it is premised upon a local rule that
15 expressly permits the Court to summarily grant unopposed motions. *Ghazali*, 46 F.3d at
16 53 (quoting *Warren*, 601 F.2d at 474 ("Only in rare cases will we question the exercise of
17 discretion in connection with the application of local rules.)). Defendants' motions to
18 dismiss will therefore be granted based on Plaintiff's failure to respond. *See* LRCiv 7.2(i).

19 **III.  CONCLUSION**
20       Based on the foregoing,
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

- 4 -

**IT IS ORDERED** that Defendants Arizona DMV, Arizona DOT, Jessie Lee James and Jane Doe James' Motion to Dismiss Amended Complaint (Doc. 34) is granted.

**IT IS FURTHER ORDERED** that Defendants City of Scottsdale, Officer Keith English, Officer Janice Semora, as well Jane Doe English and John Doe Semora's Motion to Dismiss Amended Complaint (Doc. 36) is granted.

**IT IS FURTHER ORDERED** that this case is dismissed with prejudice.

**IT IS FINALLY ORDERED** that the Clerk of the Court shall enter judgment accordingly.

Dated this 27th day of September, 2013.

James A. Teilborg
Senior United States District Judge